(No. 78-CC-0301-)

RICHARD WANLAND, as sole beneficiary of Devon Bank Trust No. 2734, and DEVON BANK, as Trustee under Trust No. 2734, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 12, 1983.*

ROBERT L. KIESLER, of KIESLER & BERMAN, for Claimants.

NEIL F. HARTIGAN, Attorney General (FRANCIS M. DONOVAN, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

Claimant in this cause is alleging there is rent due from Respondent for the period of August 1, 1976, to September 1, 1978, at the rate of $5,958.33 per month, for property leased by the Department of Labor, Bureau of Employment Services at 6220 North California Avenue, Chicago, Illinois.

On April 13, 1976, the Devon Bank, Trustee under Trust No. 2734, executed a lease for property at 6220 North California Avenue, Chicago. Claimant is the beneficiary of that trust and it was agreed that he is the proper claimant. Respondent returned the lease, executed by the director of the Department of General Services, on June 14, 1976.

The property in question was leased to the Department of General Services for the use of the Department of Labor, Bureau of Employment Security. The lease itself did not state the intended use of the property but the negotiations revealed that the actual intended use was as an unemployment compensation office.

The leased premises included an existing building and a 3,000 square foot addition to be constructed by Claimant, and the lease required extensive remodeling to be done by Claimant, pursuant to specifications prepared by Levi Daniels, an architect employed by the Department of Labor.

Claimant, in April 1976, employed an architect to prepare plans and specifications for the remodeling, pursuant to the lease.

The lease provided for an August 1, 1976, occupancy date. However, due to Respondent's delay in returning the executed lease and specifications and due to Respondent's delays in making design decisions, the premises

were not ready for occupancy until November 1, 1976. Claimant notified Respondent by letter, dated August 10, 1976, that the delays of Respondent required a later occupancy date and, on October 17, 1976, Claimant notified Respondent that the premises would be ready on November 1, 1976. Respondent, however, did not take possession on November 1, 1976, but was still choosing colors and approving changes in the design through December 1976. Changes in the remodeling design took place as late as December 29, 1976, at which time the Department requested the installation of a coaxial cable and telephone equipment for the sum of $1,336.00 to be paid separately from the lease. This amount was agreed to in writing by the Respondent.

On December 6, 1976, Daniels was directed to relocate the offices of unemployment compensation to the subject premises. Other arrangements for possession were made by Respondent, and on January 6, 1977, Daniels was directed to relocate to the subject premises on January 14, 1977. Respondent, however, never did take possession of the premises, and on April 29, 1977, Respondent, by letter, cancelled the lease.

In 1976, subsequent to the execution of the lease, the Illinois General Assembly enacted Public Act 79-1267, effective July 1, 1976, a General Appropriation Bill for the Department of Labor appropriating sufficient monies to cover the rental payments for the fiscal year ending June 30, 1977, but adding the following provision:

"No funds appropriated in Section 3 of this Act may be expended for the opening and staffing of an unemployment insurance employment service or work incentive office if the office space or facility is located within 500 feet of a school in any city with a population of 1,000,000."

The leased premises were within 500 feet of a school. On August 18, 1976, a complaint for declaratory judgment and injunctive relief was filed in the circuit court of

Cook County against Devon Bank, lessor, Donald John-son, director of the Department of Labor, Roland Burris, director of the Department of General Services, and George Lindberg, Comptroller of the State of Illinois.

On September 17, 1976, the circuit court of Cook County entered a preliminary injunction preliminarily en-joining the defendants from expending any funds, under Public Act 79-1267 for the leasing and operation of an unemployment insurance office at 6220 North California Avenue, Chicago, Illinois. On November 8, 1976, the supreme court of Illinois rendered a decision that the quoted condition to the expenditure of money was un-constitutional and the order of the circuit court was re-versed. A petition for rehearing was granted by the court and the matter remained pending until October 5, 1977, when the supreme court sustained its earlier opinion and reversed the judgment of the circuit court.

On February 1, 1977, the city council of the city of Chicago enacted an ordinance declaring that offices and employment agencies were not a permitted use under B1-2 zoning. At the same time, the council reclassified the area containing the subject property from B4-2 to B1-2 zoning, making the Respondent's intended use illegal. Claimant filed suit against the city of Chicago in the cir-cuit court of Cook County under Case No. 77-L-5744 and obtained an order from the court rendering the ordinance unenforceable against the parties to this lease. This order was not appealed by the city of Chicago.

On October 7, 1977, Claimant, by letter, informed the Respondent that all legal proceedings having been terminated, the premises were available for occupancy by respondent.

Public Law 79-1267 contained an appropriation of funds for the fiscal year ending June 30, 1977, but no

appropriation was made for the payment of the lease for the subject property for the fiscal year ending June 30, 1978.

Claimant, on June 26, 1978, entered into a lease with a third party wherein the lease term commenced on September 1, 1978.

The pertinent portions of the lease between Claimant and Respondent pertaining to payment are as follows:

1. RENT. Lessee covenants and agrees to pay the Lessor, as rent for the demised premises, the sum of five thousand nine hundred fifty-eight 33/100 dollars ($5,958.33) per month . . . The rent shall be payable on the 1st day of every month commencing on the 1st day of August, 1976. Lessor understands and agrees that the continuation of this lease and all obligations and covenants hereunder, during the term, or any subsequent renewal or extension of this lease, shall be subject to passage of a suitable appropriation to the Agency by the General Assembly of the State of Illinois and to lawful availability to the agency of sufficient funds for the payment of rent . . . Lessor understands and agrees that liability for the payment of the rentals or installments thereof are limited solely to funds received from the federal government . . .

2. POSSESSION. Lessee shall be entitled to possession on the first day of the term of this lease . . . Should Lessor be unable to give possession on said date, neither Lessee nor Agency shall be liable for rent, and rent shall be prorated from the date of occupancy . . ."

The Court finds that Claimant performed the remodeling work as required by the lease and any and all delays in the remodeling were caused by the State. The premises were ready on November 1, 1976, but by further action of the State in making new construction requests, the premises were not available until the first part of January 1977. On January 6, 1977, Respondent indicated its satisfaction with the condition of the premises by directing the move into the premises.

It is, therefore, the opinion of this Court that Claimant did all that was required of him to do under the lease.

It is Respondent's contention that the preliminary injunction entered into on September 17, 1976, by the

circuit court of Cook County prevented occupancy of said premises by the State and that since the lessor could not give possession of the premises to the State, the State is relieved of the responsibility of rent until the injunction was lifted by the supreme court on October 5, 1977.

The circuit court injunction merely enjoined disbursing and expending funds "for the purpose of preparing, opening or operating an unemployment insurance office." The Department of Labor was not enjoined from using the premises for some other purpose. The lease did not mention the use as an unemployment insurance office, thus the preliminary injunction did not prevent occupancy, under the lease, by the Department. The injunction did not bar Claimant from leasing the premises to Respondent and therefore did not serve to absolve Respondent from liability under the lease. Since the supreme court voided the conditional appropriation language, the appropriation for the fiscal year ending June 30, 1977, was valid. The Court is of the opinion that Respondent is liable for the rent for the fiscal year ending June 30, 1977.

Since the city of Chicago zoning ordinance changes were declared invalid by the circuit court of Cook County, its prohibitions do not influence the liability for rent in this case.

Rent was not payable, however, as of August 1, 1976, as contended by Claimant. It was contemplated by the parties that the rental would not commence until lessor had completed his work and until the premises were ready for occupancy. Claimant himself requested an extension of time and did not tender the premises complete until November 1, 1976. The State did not accept them until its directive of January 6, 1977.

Although the later date was the result of the State's delays, Claimant never insisted on its November 1, 1976,

date and acceded to the State's further requests for additional work.

It is the opinion of the Court that the liability for rent commenced on January 6, 1977, and extended through June 30, 1977, the end of the fiscal year for which monies had been appropriated. Based on the agreed rental of $5,958.33 per month, the total liability for rent for the fiscal year ending June 30, 1977, would be $34,596.65. In addition, there is due Claimant the sum of $1,336.00, being the extra for coaxial cable agreed to by the State.

As to the claim for rent starting July 1, 1977, the record shows there was no appropriation by the General Assembly for rent payments on the subject property for the fiscal year beginning July 1, 1977, and ending June 30, 1978; therefore there cannot be any liability on the part of Respondent for that period of time.

It is the opinion of this Court that the rental liability, as provided for in the lease, ended as of July 1, 1977. The letter of termination sent by Respondent on April 29, 1977, while not effective as of April 29, 1977, was effective as of June 30, 1977.

An award is hereby made in favor of Claimant in the amount of $34,596.65 for rental and $1,336.00 for extra work, making a total award of $35,932.65.